FILED & ENTERED

NOV 09 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ygreen    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Joe Paul DiBenedetto,<br>aka Joseph P Di Benedetto<br>aw Jalx Inc. dba Crème De La<br>Crème Bakery,<br><br>                Debtor(s). | Case No.:  6:15-bk-16487-MJ<br><br>Chapter 7<br><br>Adv No:    6:15-ap-01272-MJ<br><br>**MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
| Frontier Homes, LLC, a<br>California limited liability<br>company,<br>             Plaintiff(s),<br>      v.<br><br>Joe Paul DiBenedetto, aka<br>Joseph P.<br>DiBenedetto, an individual,<br><br>           Defendant(s). | Date:  August 11, 2016<br>Time:  10:00 AM<br>Place: Courtroom 301<br><br>Submission Date:  September 8, 2016 |

Plaintiff Frontier Homes, LLC, filed a motion to amend its

complaint for nondischargeability of debt against debtor Joe Paul DiBenedetto on July 21, 2016, which was opposed by debtor and heard by the court on August 11, 2016. At the hearing, the court announced its tentative decision to deny the amendment for futility on two separate grounds: first, because the claim for relief which Frontier wished to assert in the amended complaint was barred by the applicable state law statute of limitations for the tort claim of malicious prosecution, as required by Lockerby v Sierra, 535 F. 3d 1038 (9th Cir. 2008); and second, because the amendment stated an entirely new claim for relief which was untimely per the bar date established by Rule 4007(c).[1]

Frontier argued against the court's tentative ruling, in part because the application of Lockerby referenced in the court's decision had not been briefed by the parties. For that reason, the court allowed the parties to present supplemental briefs on that issue, with Frontier's brief due on August 25, 2016, and any further opposition from debtor due on September 8, 2016, with both briefs being at the option of the party. Frontier filed it supplemental brief timely; debtor did not file any further papers. The matter is now ready for decision.

As discussed below, Frontier's supplemental brief was correct that the strict application of Lockerby would not create

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

a statute of limitations bar to the filing of a nondischargeability action where a debt was established as the result of an affirmative action filed by the creditor/plaintiff in state court prior to the bankruptcy.  However, under the facts of this case, where the "debt" which the amended complaint seeks to establish as nondischargeable was awarded to Frontier as a defendant under a fee shifting statute in the California Labor Code, the court still rules that amendment to the complaint is untimely under the state statute of limitations for prosecution of a malicious prosecution action and therefore is futile.  Moreover, because the proposed amendment not only states a new ground for § 523(a)(6)nondischargeability (malicious prosecution), but also is based on an entirely different factual nexus than that involved with the ground initially asserted for nondischargeability (defamation), the amendment violates the bar set by Rule 4007(c) and the amendment is futile for that additional reason. The motion is denied.  The reasons for the court's ruling are set forth below; this memorandum shall constitute the court's findings of fact and conclusions of law as allowed by Rule 7052.

**BACKGROUND**[2]

---

[2] The court has drawn from the Award issued in the American Arbitration Association proceeding as well as the allegations in the original complaint for much of the factual background.

Debtor was employed as Chief Financial Officer of Frontier under an at will contract in September 2003.  During the course of his employment, Frontier learned that debtor had been involved in a civil action for embezzlement at a previous job, litigation not fully disclosed by debtor when he applied for the job. After that litigation was settled, criminal charges were filed against debtor, to which he pled guilty, resulting in probation with conditions.  In 2005 Frontier was trying to expand its business through the issuance and public sale of corporate bonds which required an audit by a recognized accounting firm.  This accounting firm, Ernst & Young, would not perform the audit so long as debtor was CFO.  As a result, debtor's job title was changed to Corporate Controller in the spring of 2005.

Debtor's job performance was spotty at best.  Although he had the training and talent to perform adequately, he often did not do so, arriving late at work, taking care of private business on company time, and being inattentive to the company's needs.  Several corporate officers and managers urged Jimmy Previti, the company President, to terminate debtor, which Previti was at first reluctant to do.  Performance evaluations of debtor showed negative reviews and by the fall of 2005, he saw "the handwriting on the wall" and began telling co-workers that he was going to hold on until January 2006 to get his last

bonus check and would sue Frontier if they fired him.  His

attendance became even more erratic in December and by

approximately December 8 or 9, 2005, the company decided to

terminate him.  Notice of that termination was accomplished by a

Federal Express message left at his home sometime in December.

In April 2006, debtor contacted the auditors and falsely advised

them that Frontier was the defendant in six civil actions,

including one for sexual harassment against Previti.

　　　True to his word, in January 2006 debtor filed an action in

San Bernardino Superior Court for wrongful termination and

California Labor Code violations.  The court ordered the matter

to arbitration under the arbitration provisions in debtor's

employment contract.  Debtor's claim initiating the arbitration

was based on the Superior Court complaint.  Frontier filed a

cross claim for defamation based on the false reporting to the

auditors described above.  The arbitration took place in July

2007 and resulted in an Interim Award from the arbitrator dated

September 18, 2007. The Interim Award found against debtor on

all of his claims and in favor of Frontier on its defamation

claim, awarding it $15,000 in actual damages and $120,000 in

punitive damages.  The Interim Award also stated that the

arbitrator would consider a fee shifting motion from Frontier

under California Labor Code § 218.5 and invited such motion.

Frontier filed the motion, which resulted in an award of

$327,351 for attorney's fees and expenses.

Based on the findings and conclusion in the Interim Award, the arbitrator issued a Final Award with damages and fees as found.  On April 14, 2008, the San Bernardino Superior Court confirmed the arbitration award and entered judgment against the debtor for $15,000 in compensatory damages, $120,000 in punitive damages, and $327,351 in attorney's fees awarded under Labor Code § 218.5.  This judgment was timely renewed, with interest added at the state legal rate.

On June 26, 2015, debtor filed a chapter 7 petition and listed the judgment debt to Frontier in Schedule F.  Frontier filed a timely complaint for nondischargeability, alleging that the entire amount of the judgment was excepted from discharge under the willful and malicious grounds found in § 523(a) (6). The complaint repeated many of the factual findings made in the Interim Award but sought relief only under the charging allegations in paragraphs 37 and 38:

> 37. Based on the allegations, the Debtor willfully, maliciously, and intentionally injured Frontier by making false and defamatory statements about Frontier to its auditor, Ernst & Young.
>
> 38. Based on the foregoing, Frontier's judgment against the Debtor should be excepted from the Debtor's discharge in this case pursuant to section

523(a)96) of the Bankruptcy Code.

As scheduled by the court, the parties filed cross motions for Summary Judgment, heard on June 16, 2016.  Relying on issue preclusion, Frontier asserted the entire judgment was excepted from discharge under § 523(a) (6), arguing that the factual findings of the arbitrator in the Interim Award established the necessary elements for a willful and malicious injury under the standards developed by the caselaw, in particular <u>Kawaauhau v Geiger</u>, 523 U.S. 57, 61 (1998) and <u>Carillo v Su (In re Su)</u>, 290 F. 3d 1140, 1146 (9th Cir. 2002).  Debtor did not dispute that the compensatory damages and punitive damages based on the defamation findings were excepted from discharge, tacitly acknowledging that the defamation was willful and malicious and the resulting damages would not be discharged.  However, debtor in his cross motion and in defense of Frontier's motion asserted that the attorney's fees were discharged because they were not awarded for the tortious conduct alleged in the cross claim, defamation, but  rather were awarded under the fee shifting provisions of the Labor Code when Frontier, as defendant, prevailed on debtor's wrongful termination claims.

At the hearing, the court denied debtor's motion out of an abundance of caution, led to believe by Frontier that the attorney's fees might be a measure of damages under a claim for malicious prosecution, which Frontier asserted was supported by

the arbitrator's findings pled in the adversary complaint.[3]  It granted Frontier's motion in part, as to the undisputed compensatory and punitive damages based on defamation, but denied it in part as to the attorney's fees.  A colloquy took place in open court at the conclusion of that hearing during which the court said it would entertain Frontier's motion to amend its complaint to assert a claim which could deem the attorney's fees nondischargeable. The court did not opine on whether such motion could be granted.  This motion for leave to amend followed.

## Motion for Leave to Amend

When Frontier filed its motion for leave to amend on July 21, 2016, it argued that it was not adding a new claim, but rather was only seeking to "clarify" its original claim so that it would be clear it was always seeking damages for malicious prosecution.  It argued that because the original complaint had included factual findings from the Interim Award, criticizing the behavior of the debtor in filing the wrongful termination lawsuit in the first place, malicious prosecution had really been pled from the beginning. In making these arguments, Frontier brushed over the comments of the court at the Summary

---

[3]  The first time the court became aware of the malicious prosecution claim was in the reply papers filed by Frontier for its Summary Judgment motion.  In retrospect, the court should have granted debtor's summary judgment motion.

Judgment hearing after its attention had been directed to paragraphs 37 and 38. The court had already found that these operative paragraphs of the complaint, which sought relief only for defamation, were inadequate to support a malicious prosecution ground for relief.

The motion discussed the factors to be considered by the court on a motion for leave to amend under Rule 15, as those factors had been delineated in <u>Foman v Davis</u>, 371 U.S. 178, 182 (1962). The factors to be considered in determining the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. Frontier submitted there was no showing of bad faith; the delay was short since it only learned of its need to amend at the Summary Judgment hearing; the debtor was not prejudiced because the allegations in the original complaint from the arbitrator's Interim Award put the debtor on notice that Frontier was seeking damages for malicious prosecution; and because the claim was a valid amendment, it was not futile.

The debtor's opposition concentrated on the futility element, asserting that since Frontier had not pursued a claim for malicious prosecution in state court after the arbitration proceeding had been decided in its favor, the state statute of limitations had long passed. The debtor emphasized that because the state law tort of malicious prosecution could not have been

and was not tried at the arbitration, Frontier was now barred from asserting it for the first time in the bankruptcy court. The debtor also asserted he was prejudiced because Frontier employed a tactical litigation strategy to pursue nondischargeability only on the claim for which it could seek issue preclusion – the defamation claim – and now he must prepare for a totally new claim and new trial on different facts.[4]

In its reply, Frontier argued again that because the factual findings of the arbitrator about the debtor's bad motives in filing the wrongful termination action had been alleged in the complaint, it did not need to assert a new claim for malicious prosecution; it only needed to show that the judgment it had obtained was a result of willful and malicious conduct by the debtor.  Frontier specifically asserted that it did not need to prove the elements of malicious prosecution; the arbitrator's findings were sufficient to show willful and malicious behavior.

It was this assertion by Frontier in its reply that caused this court to focus on the holding of Lockerby: in order to assert an exception to discharge under § 523(a)(6) plaintiff must plead and prove a state law tort.  Frontier had argued to

---

[4]  The debtor also asserted that Frontier was barred by judicial estoppel from bringing a new claim.  The court rejected that argument out of hand because it had not adopted a prior inconsistent position of Frontier in making a final decision.  An alternative theory for relief is not an inconsistent position and no final decision had been rendered.  This memorandum will not discuss judicial estoppel further.

the contrary in its reply.  However, in its supplemental brief,

Frontier implicitly conceded that <u>Lockerby</u> did require it to

plead and prove the state law tort of malicious prosecution.

Accordingly, it shifted its argument to argue why pleading this

new claim was not timed barred.  As a consequence, this court's

review of the applicable authorities has expanded, as discussed

below.  The outcome, however, remains the same.


### **<u>Legal Analyses</u>**

1.  State law statute of limitations

Rule 7015 (incorporating FR Civ P 15)provides that a party

may amend its pleading only by leave of court or by written

consent of the adverse party and that leave shall be freely

given when justice so requires.  The Ninth Circuit has

instructed that the policy favoring amendments "is to be applied

with extreme liberality."  <u>Morongo Band of Mission Indians v</u>

<u>Rose</u>, 893 F. 2d 1074, 1079 (9th Cir. 1990).

The factors to be considered to determine the propriety of

a motion for leave to amend are (a) bad faith, (b) undue delay,

(c) prejudice to the opposing party, and (4) futility of

amendment.  <u>Foman</u>, 371 U.S. at 182.  Because the court decides

this motion on the fourth factor only, futility, the other

factors need not be discussed in this analysis.

Futility alone is sufficient to deny leave to amend.  <u>Nunes v Ashcroft</u>, 375 F. 3d 805, 808 (9th Cir. 2003).  Where the legal basis for a claim for relief is tenuous, such that a motion to dismiss would be granted, futility supports the refusal to grant leave to amend.  <u>Id.</u>

As a preliminary matter, as noted above the court does not consider the proposed amended complaint to be a mere "clarification" of the original complaint.  Very specifically, the tort pled to support nondischargeability under § 523(a) (6), as required by <u>Lockerby</u>, is set forth in paragraphs 37 and 38, the tort of defamation.  Frontier now seeks to assert a new tort, that of malicious prosecution, as a means of establishing that the award of attorney's fees is also nondischargeable, despite the fact the fees were awarded because Frontier prevailed as the *defendant* on the wrongful termination claims. Accordingly, the court must first focus on whether assertion of this new claim is time barred by the state statute of limitations set forth in Cal. Code of Civ. Pro. § 340, which is one year from the date of discovery.  That time deadline would have expired sometime in 2009.

Frontier asserts that under <u>Brown v Felsen</u>, 442 U.S. 127 (1979), <u>Lockerby</u>, and other Ninth Circuit authorities discussed below, a plaintiff in a bankruptcy adversary proceeding to except a debt from discharge need only have "established the

debt" under state law prior to the bankruptcy; only the discharageability of the debt need be determined by the bankruptcy court.  This is a correct statement of the general law.  The Ninth Circuit has adopted the "*McKendry* test" from the 10th circuit, so the Court's discussion begins with that case.

The 10th Circuit in Resolution Trust Corp v McKendry (In re McKendry), 40 F. 3d 331 (10th Cir. 1994) determined that there are two distinct issues to consider in the dischargeability analysis:  first, the establishment of the debt itself, which is subject to the applicable state statute of limitations; and, second, a determination as to the nature of that debt, an issue within the exclusive jurisdiction of the bankruptcy court and thus governed by Bankruptcy Rule 4007.  Id. at 337, adopted by the Ninth Circuit in Lee-Benner v Gergely (In re Gergely, 110 F. 3d 1448 (9th Cir. 1997) and Banks v Gill Distribution Centers, Inc. (In re Banks), 263 F. 3d 862 (2001).  Whereas McKendry might have implied that the state court debt must be reduced to judgment, Banks clarified that was unnecessary:

> The questions before us are whether the state court
> action was timely filed, and whether the filing of
> that action without reducing it to judgment, was
> sufficient to establish a debt for purposes of the
> McKendry test.  We hold that the state court action
> was timely filed and that it was sufficient to

establish a debt for the purposes of the <u>McKendry</u>

test….Nothing under the Bankruptcy Code requires a

debt to have been reduced to a pre-petition state

court judgment. <u>Banks</u>, 263 F. 3d at 868.

If the attorney's fees part of the "debt" which Frontier

seeks to be nondischargeable had been asserted by Frontier as a

plaintiff in the non-bankruptcy proceeding, such as was the case

in <u>Lockerby</u>, <u>Gergely</u>, <u>Banks</u>, <u>Brown v Felsen</u>, and <u>McKendry</u>, the

issue of the state law statute of limitations would have been

decided in Frontier's favor.  However, this court sees a

distinct difference between the attorney's fees award here and

the "debts" which were at issue in those cases.

The arbitrator tried two cases: (a) debtor's case which was

based on the seven claims for relief in the Superior Court

complaint asserting wrongful termination and violation of

several provisions of the California Labor Code; and (b)

Frontier's cross claim for defamation.  The Interim Award set

forth factual findings which supported that Frontier had not

wrongfully terminated debtor and had committed no violations of

the California Labor Code.  It also delineated simple factual

findings that debtor had defamed Frontier when he told the

auditors that six civil cases were pending against it, one a

sexual harassment claim against Previti.  As damages for the

defamation, the arbitrator awarded compensatory and punitive

damages.  Based on the fee shifting provisions found in California Labor Code § 218.5 in effect in 2006, he awarded the attorney's fees to Frontier as *defendant* on debtor's failed claims.

To award the attorney's fees to Frontier, no findings of wrongful conduct were required.  Labor Code § 218.5 mandates fee awards to prevailing parties in a wage and hour lawsuit.  The version of the code operative in 2006 provided:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

Because debtor had requested attorney's fees when he filed the Superior Court case, the reciprocity provision came into play; when Frontier defeated his claims, its right to fees was mandatory.  In 2010 the statute was amended, effective July 1, 2012, to add the following sentence:

> However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith.

Therefore, the award of fees to Frontier in 2006 was mandatory and did not imply that debtor had conducted his litigation in bad faith or with malice. Statements by the arbitrator in the Interim Award which implied otherwise were stray and unnecessary because they did not support any of the legal conclusions or awards of the arbitrator.

In the cases cited above — which state that a state statute of limitations is not a bar to nondischargeability litigation where the debt was established prior to the filing of the bankruptcy petition — the debt they spoke of was for damages awarded to a plaintiff who had pursued an affirmative claim against the debtor arising from the same nexus of facts which later was being used to prove nondischargeability. In <u>Brown v Felsen</u>, the bankruptcy judgment creditor had cross claimed against the debtor based on indemnification for damages arising from a guarantee, which guarantee created the creditor's liability to a bank. Although the settlement which resolved that cross claim in the creditor's favor did not delineate the legal claim resolved by the judgment, the creditor was suing for fraud in the bankruptcy court based on the same factual nexus which resulted in the debt to him. <u>Id.</u> 442 U.S. at 129-130. In <u>Lockerby</u>, the debt asserted was based on a breach of contract claim and the issue before the court was whether the creditor could establish an intentional tort to support the exception

from discharge of that same debt.  <u>Lockerby</u>, 535 F. 3d at 1041.

Similarly, in <u>Banks</u> the creditor within the state statute
of limitations had sued to establish the debt arising from the
debtor's nonperformance of a settlement agreement and sought to
find the debt arising from that nonperformance was
nondischargeable in bankruptcy.  <u>Banks</u>, 263 F. 3d at 866-867.
Recognizing the debt was the same as that arising from the
affirmative actions of the creditor prepetition, the <u>Banks</u> court
observed the creditor was not asserting a new ground for
recovery, only that the recovery was not discharged.  Finally,
in <u>Gergely</u> as plaintiff the creditor had obtained a judgment for
medical malpractice and wished to establish the same factual
events encompassed fraud and an exception to discharge for that
debt.  <u>Gergely</u>, 110 F. 3d at 1453.

The debt Frontier attempts to assert is nondischargeable is
the award of attorney's fees which it received as *defendant*, not
because it filed a claim against the debtor in the arbitration.
The entire concept of saving a state statute of limitations is
inapposite here, since there is no statute involved in defending
a lawsuit.  In fact, the alleged factual basis for the claim
here, malicious prosecution, did not even exist at the time the
arbitration was prosecuted.  A cause of action for malicious
prosecution cannot arise under California law until the new
plaintiff has been successful in defending prior litigation,

here, the entry of judgment in its favor on the debtor's claims.
What Frontier seeks to except from discharge in its proposed
amended complaint is not the debt it established as plaintiff
prior to bankruptcy (and therefore saved the state statute), but
an entirely new debt which could be awarded only after the
arbitration had concluded.  Here, it is argued that a measure of
damages for a victory on a malicious prosecution claim might
well be those same attorney's fees;[5] this court finds such award
is not the same "debt."

Because the debt was not preserved in the non-bankruptcy
forum litigation, the one year statute of limitations for
malicious prosecution ran long before this chapter 7 was filed.
As such, amendment would only add a new claim which was
timebarred.  For this reason, the motion to amend is denied as
futile.

2.  Bankruptcy Rule Time Bar

As discussed at length above, the timely filed adversary in
this case asserted a claim for exception from discharge under §
523(a)(6) for the state law tort of defamation.  The proposed
amended complaint seeks to assert a § 523(a)(6) claim based on
the state law tort of malicious prosecution.  Since this is an
entirely new claim, only if this claim relates back to the claim

---

[5] The scope of a damage award for malicious prosecution has not been briefed and certainly was not argued in the
arbitration.

in the original complaint will the adversary claim be timely

under Rule 4007(c), which requires that § 523(a)(2), (4), or (6)

complaints must be  filed within 60 days of the initial date set

for the § 341(a) meeting, in this case September 28, 2015.

Whether an amended pleading will relate back to the date of

an earlier filing is established by F.R.Civ.Pro 15(c)(1).  The

relation back doctrine of Rule 15 is a bar to the statute of

limitations.  Rural Fire Protection Co. v Hopp, 366 F. 2d 355,

362 (9th Cir. 1966).  A new claim asserted in an amended

pleading "relates back" if it arises from the same "conduct,

transaction, or occurrence" as the original claim.  Dominguez v

Miller (In re Dominguez), 51 F.3d 1502, 1509 (9th Cir. 1995).  A

key test for assessing the "same conduct, transaction or

occurrence" standard is whether "the claim to be added will

likely be proved by the 'same kind of evidence' offered in

support of the original pleading."  Id. at 1510 quoting Percy v

San Francisco Gen. Hosp., 841 F. 2d 975, 978 (9th Cir. 1988).

Here, the amendment did not arise out of the conduct,

transaction or occurrence originally pled because only

defamation was pled and the malicious prosecution claim was

based on an entirely different factual nexus.  The facts related

to the defamation were narrow:  the debtor sent the letter about

the nonexistent lawsuits to the auditor in April 2006.  As noted

above, facts which would support malicious prosecution are

entirely different.  This claim does not relate back.

     As a consequence, the claim for relief to be asserted in the amended complaint would be time barred by Rule 4007(c) and such amendment would be futile.  The motion for leave to amend is denied on this additional ground.

### Conclusion

     The motion for leave to amend is denied and the court will prepare an order to that effect.  In the Summary Judgment rulings, the court concluded that only the compensatory damages and the punitive damages are excepted from discharge.  No other affirmative relief can be awarded to Frontier.  Therefore, after the denial order is entered, the court requests Frontier to submit a judgment in its favor for the allowed nondischargeable damages.

                                   ###

Date: November 9, 2016

                                        Meredith A. Jury
                                        United States Bankruptcy Judge