1

JESSE S. FINLAYSON, SBN 179443

2

*jfinlayson@ftrlfirm.com*

**FINLAYSON TOFFER**

3

**ROOSEVELT & LILLY LLP**

15615 Alton Parkway, Suite 250

4

Irvine, CA 92618

Telephone:  949.759.3810

5

Facsimile:   949.759.3812

6

Attorneys for Plaintiff

7

FRONTIER HOMES, LLC

8

UNITED STATES BANKRUPTCY COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

RIVERSIDE DIVISION

11

| | |
|---|---|
| In re | Case No. 6:15-bk-16487-MJ |
| JOE PAUL DiBENEDETTO, aka JOSEPH P DiBENEDETTO aw JALX INC. dba CREME DE LA CREME BAKERY, | Chapter 7 |
| | Adv. Proc. No. 6:15-ap-01272-MJ |
| Debtor. | **STATUS REPORT AND REQUEST FOR ENTRY OF JUDGMENT AGAINST DEBTOR JOE PAUL DIBENEDETTO, AKA JOSEPH P DIBENEDETTO** |
| FRONTIER HOMES, LLC, a California limited liability company, | **[No Hearing Required]** |
| Plaintiff, | |
| v. | |
| JOE PAUL DiBENEDETTO, aka JOSEPH P. DiBENEDETTO, an individual, | |
| Defendant. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE, AND DEFENDANT JOE PAUL DiBENEDETTO:

## **INTRODUCTION**

Plaintiff Frontier Homes, LLC ("Frontier") requests that this Court enter judgment in this adversary proceeding consistent with its prior rulings granting, in part, Frontier's Motion for Summary Judgment and denying its Motion for Leave to Amend the Complaint.  As explained below, the Court's prior rulings have resolved all disputed issues in this adversary proceeding and there are no further claims or issue to be litigated.  All that remains is the ministerial task of entering judgment consistent with the prior rulings.

## **BACKGROUND FACTS**

This Court is familiar with the facts in this case.  The Debtor is the former Vice President of Frontier.  Compl. ¶ 7.  In January 2006, the Debtor filed a lawsuit against Frontier for wrongful termination, violation of various California Labor Code Sections, common law fraud, and breach of the covenant of good faith and fair dealing.  *Id.* at ¶ 24.  In April 2006, while the Debtor's lawsuit was pending, the Debtor sent a defamatory email to Frontier's auditor, Ernst & Young, informing it that there were six civil actions pending against Frontier, including one against the company's President based on sexual harassment.  *Id.* at ¶ 23. These statements were false—no such lawsuits existed.  Accordingly, Frontier filed a cross-complaint for defamation based on the false statements in the Debtor's email to Ernst & Young.  *Id*. at ¶ 25.

On or about April 14, 2008, Frontier obtained a judgment in San Bernardino Superior Court against the Debtor in the amount of $462,351.00 (the "State Court Judgment").  The State Court Judgment amount included $135,000.00 in actual and punitive damages on Frontier's malicious defamation cause of action.  In addition, the arbitrator awarded Frontier $327,351 in attorneys' fees and costs under Labor Code Section 218.5.  The Debtor never paid Frontier anything on the State Court Judgment.

1

On  June 26, 2015, the Debtor filed a petition for relief under chapter 7 with this Court.  [Dk. No. 1.]  On September 25, 2015, Frontier filed this adversary proceeding, alleging a single claim for relief seeking to except the State Court Judgment from the Debtor's discharge under section 523(a)(6) of the Bankruptcy Code.  [Adv. Dk. No. 1.]

On or about May 5, 2016, the parties filed cross Motions for Summary Judgment.  [Adv. Dk. Nos. 27-28.]  Frontier moved on the grounds that the entire State Court Judgment—the compensatory and punitive damages and attorney's fees—should be excepted from the Debtor's discharge as a matter of law.  [Adv. Dk. No. 28.]  The Debtor moved on the basis that attorney's fees portion of the State Court Judgment could not be excepted from discharge.  [Adv. Dk. No. 27.]  At the hearing on the cross Motions, the Debtor argued that the non-dischargeability claim as pleaded in Frontier's complaint was based solely on the Debtor's false and defamatory email to Frontier's auditors, and not all of the Debtor's other willful and malicious conduct as alleged in Frontier's complaint.

The Court granted Frontier's Motion, in part, as to the damages portion of the State Court Judgment, including all post-judgment interest on those amounts, but not the attorney's fees portion.  [Dk. No. 43.]  The Court also granted the Debtor's Motion, in part, on the grounds that the Debtor's conduct giving rise to the $327,351 in attorney's fees awarded to Frontier in the underlying action was not willful and malicious under section 523(a)(6) of the Bankruptcy Code.  *Id.*

On or about July 21, 2016, Frontier filed a Motion for Leave to file a First Amended Complaint.  [Adv. Dk. No 40.]  Frontier sought to expressly allege that its non-dischargeability claim under section 523(a)(6) of the Bankruptcy Code was based on all of the Debtor's willful and malicious conduct as alleged in the First Amended Complaint, not merely the allegations giving rise to the defamation cause of action in the underlying action, and that the entire State Court Judgment should be declared non-dischargeable.  *Id.*  On November 9, 2016, the Court denied Frontier's Motion for

Leave to Amend, stating that the proposed amendment was futile.  [Adv. Dk. Nos. 51-52.]

## **RELIEF REQUESTED**

Frontier respectfully disagrees with the Court's ruling on its Motion for Leave to Amend and the portion of its ruling denying, in part, its Motion for Summary Judgment, and reserves its appellate rights.  As matters currently stand, however, those rulings effectively resolved the last remaining issues to be litigated in this adversary proceeding.  Based on the Court's rulings to date, Frontier is entitled to judgment on the actual and punitive damages awarded on its malicious slander cause of action and all post-judgment interest on those damages under applicable state law and the Debtor is entitled to judgment on the attorneys' fees portion of the State Court Judgment. There are no remaining issues or claims to be litigated.

Accordingly, pursuant Federal Rule of Bankruptcy Procedure 7058, Frontier requests that this Court enter judgment consistent with its prior rulings.  A copy of the Proposed Judgment is being lodged concurrently with this filing and is attached to this Request as **Exhibit 1**.  Frontier believes that the Proposed Judgment is consistent with the Court's prior ruling and requests that it be entered forthwith.

DATED:  December 27, 2016

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP


By:_____*/s/ Jesse S. Finlayson*_____
        Jesse S. Finlayson

Attorneys for Plaintiff
Frontier Homes, LLC

# EXHIBIT 1

1  JESSE S. FINLAYSON, SBN 179443
2  *jfinlayson@ftrlfirm.com*
   **FINLAYSON TOFFER**
3  **ROOSEVELT & LILLY LLP**
   15615 Alton Parkway, Suite 250
4  Irvine, CA 92618
   Telephone:  949.759.3810
5  Facsimile:   949.759.3812
6
   Attorneys for Plaintiff
7  FRONTIER HOMES, LLC

8            UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 RIVERSIDE DIVISION

11 In re                                          Case No. 6:15-bk-16487-MJ

12 JOE PAUL DiBENEDETTO,                          Chapter 7
   aka JOSEPH P DiBENEDETTO
13 aw JALX INC. dba CREME DE LA                   Adv. Proc. No. 6:15-ap-01272-MJ
   CREME BAKERY,
14                                                **JUDGMENT AGAINST DEFENDANT**
              Debtor.                             **JOE PAUL DIBENEDETTO, AKA**
15                                                **JOSEPH P DIBENEDETTO IN**
                                                  **FAVOR OF PLAINTIFF FRONTIER**
16 _____               **HOMES, LLC**

   FRONTIER HOMES, LLC, a California
17 limited liability company,

18            Plaintiff,

19 v.

20 JOE PAUL DiBENEDETTO,
   aka JOSEPH P. DiBENEDETTO, an
21 individual,

22            Defendant.
   _____

23

24

25

26

27

28

Based on (a) the Court's Order dated July 25, 2016 [Dk. No. 43] granting, in part, Plaintiff Frontier Homes, LLC's ("Frontier") Motion for Summary Judgment against Defendant Joe Paul DiBenedetto, aka Joseph P. DiBenedetto (the "Debtor") and (b) the Court's Order dated November 9, 2016 [Dk. No. 51] denying Frontier's Motion for Leave to Amend the Complaint:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.    The Debtor's liability for the actual and punitive damages totaling $135,00.00 awarded to Frontier on its malicious defamation cause of action under the state court judgment entered on April 14, 2008 in San Bernardino Superior Court Case No. RCVRS092796 and attached hereto as Exhibit A (the "State Court Judgment"), plus all post-petition interest on those damages as permitted by applicable state law, is non-dischargeable under section 523 of title 11 of the United States Code and is hereby excepted from the Order of Discharge – Chapter 7 entered in the above-captioned bankruptcy case on November 5, 2015 as Docket No. 13.  All remaining amounts due by the Debtor to Frontier under the State Court Judgment are discharged.

2.    Frontier may enforce and collect upon the non-dischargeable potion of the State Court Judgment by any means permitted by applicable law.

# # #

# EXHIBIT A

1  **ERIC J. AMDURSKY (S.B. #180288)**
   **KYM DAMRON-HSIAO (S.B. #240508)**
2  **O'MELVENY & MYERS LLP**
   610 Newport Center Drive, 17th Fl.
3  Newport Beach, CA 92660-6429
   Telephone:    (949) 760-9600
4  Facsimile:    (949) 823-6994
   Email: kdamronhsiao@omm.com
5
   Attorneys for Defendant
6  Frontier Homes, LLC

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

**APR 14 2008**

BY _Luann Leesink_
                              DEPUTY

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF SAN BERNARDINO**

10

11

12  Joe DiBenedetto,                          Case No. RCV 092796

13                 Plaintiff,                 **[PROPOSED] ORDER GRANTING THE**
                                              **PETITION TO CONFIRM THE**
14      v.                                    **ARBITRATOR'S FINAL AWARD AND**
                                              **ENTERING JUDGMENT IN**
15  Frontier Homes, LLC, and DOES 1           **CONFORMITY THEREWITH**
    through 10, inclusive,
16                                            Hearing Date:    April 14, 2008
                   Defendants.                Time:            8:30 a.m.
17                                            Dept.:           R12

18                                            Complaint Filed: January 23, 2006
                                              Judge:           Ben T. Kayashima
19                                            Dept.:           R12
                                              Trial Date:      None Set
20

21  Frontier Homes, LLC,

22                 Cross-Complainant,

23      v.

24  Joe DiBenedetto,

25                 Cross-Defendant.

26

27

28

                                              CASE NO. RCV 092796

─────────────────────────────────────────────────────────────
          [PROPOSED] ORDER CONFIRMING THE ARBITRATOR'S FINAL AWARD

1        Pursuant to the California Code of Civil Procedure Section 1285, petitioner

2   Frontier Homes, LLC ("Frontier Homes") hereby requests this Court confirm the Final Award

3   (the "Award") issued by Hon. James K. Slater (Ret.), the undersigned arbitrator in this matter.

4   Having carefully reviewed the motion papers and considered the arguments set forth in support

5   and opposition thereto, IT IS HEREBY ORDERED that the Petition to Confirm Final Arbitration

6   Award and Entry of Judgment is granted.  The Court orders as follows:

7        1.   Pursuant to California Code of Civil Procedure Section 1285, the Final

8            Arbitration Award in the matter re: *DiBenedetto v. Frontier Homes, LLC,* 72

9            166 00817 06 is CONFIRMED.

10       2.   The complaint filed by Joe DiBenedetto on January 23, 2006, case number

11           RCV 092796, is DISMISSED with prejudice.

12       3.   Petitioner Frontier Homes, LLC shall be awarded costs and disbursements in

13           this proceeding.

14       4.   Judgment be entered in favor of Frontier Homes and against Joe DiBenedetto,

15           with respect to Frontier Homes' cause of action for defamation, as follows:

16            a.   Joe DiBenedetto is ordered to pay Frontier Homes an amount of

17               Fifteen Thousand Dollars ($15,000) in actual damages and One

18               Hundred Twenty Thousand Dollars ($120,000) in punitive

19               damages.

20            b.   Joe DiBenedetto is ordered to pay Frontier Homes a post-award

21               interest rate of 10% per annum from September 18, 2007.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

[PROPOSED] ORDER CONFIRMING THE ARBITRATOR'S FINAL AWARD

c.  Joe DiBenedetto is ordered to pay Frontier Homes an amount of Three Hundred Seventeen Thousand Two Hundred Fifty-Five Dollars ($317,255) in attorneys' fees and Ten Thousand Ninety-Six Dollars ($10,096) in costs.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

APR 1 4 2008

Hon. Ben T. Kayashima
Judge of the Superior Court

NB1:738779.1

3

CASE NO. RCV 092796

[PROPOSED] ORDER CONFIRMING THE ARBITRATOR'S FINAL AWARD

1

## PROOF OF SERVICE OF DOCUMENT

2
I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is 15615 Alton Parkway, Suite 250, Irvine, CA 92618.

3

4
A true and correct copy of the foregoing document entitled: **STATUS REPORT
AND REQUEST FOR ENTRY OF JUDGMENT AGAINST DEBTOR JOE
PAUL DIBENEDETTO, AKA JOSEPH P DIBENEDETTO** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner stated below:

5

6

7
**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC
FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing
document will be served by the court via NEF and hyperlink to the document.  On
December ___, 2016, I checked the CM/ECF docket for this bankruptcy case or
adversary proceeding and determined that the following persons are on the Electronic
Mail Notice List to receive NEF transmission at the email addresses stated below:

8

9

10
• Jesse S Finlayson on behalf of Plaintiff Frontier Homes, LLC
   jfinlayson@ftrlfirm.com, wmills@ftrlfirm.com

11

12
• Eric S Pezold on behalf of Defendant Joe Paul DiBenedetto
   epezold@swlaw.com, sberumen@swlaw.com

13
• Brett Ramsaur on behalf of Defendant Joe Paul DiBenedetto
   bramsaur@swlaw.com, kcollins@swlaw.com

14

15
• Steven M Speier (TR)
   linda.morvant@txitrustee.com, ecf.alert+Speier@titlexi.com

16
• United States Trustee (RS)
   ustpregion16.rs.ecf@usdoj.gov

17
☐ Service information continued on attached page

18

19
**2. SERVED BY UNITED STATES MAIL**:  On December 27, 2016, I served the
following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in
the United States mail, first class, postage prepaid, and addressed as follows.  Listing
the judge here constitutes a declaration that mailing to the judge will be completed no
later than 24 hours after the document is filed.

20

21

22
Defendant in Pro Per
Joe Paul DiBenedetto
17130 Van Buren, #114
Riverside, CA 92504

23

24

25
Presiding Judge's Copy
Honorable Meredith A. Jury
United States Bankruptcy Court
3420 Twelfth Street, Suite 325
Riverside, CA 92501-3819

26

27

28
☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 27, 2016 | Barbara M. Mendoza | /s/ Barbara M. Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |